UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINALD TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF ROBERT BRYANT, et al.,<br><br>    Defendants. | Case No. 3:19-cv-01054<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

On February 26, 2020, the Court ordered pro se and *in forma pauperis* Plaintiff Reginald Turner to show cause by March 18, 2020, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for his failure to prosecute or under Local Rule 41.01(b) because he has failed to keep the Court informed of his current address. (Doc. No. 10.) The Court's order to show cause was returned as undeliverable (Doc. No. 11), and Turner has not filed any response. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 41(b) and Local Rules 41.01(a) and (b) for Turner's failure to prosecute and to keep the Court informed of his current address.

### I.     Factual and Procedural Background

This action, brought under 42 U.S.C. § 1983, arises out of Turner's pretrial detention in the Wilson County Jail (WCJ) in Lebanon, Tennessee. (Doc. No. 1.) On November 25, 2019, the Court received Turner's complaint, which alleges that the conditions of confinement at the WCJ are inhumane and dangerous. (*Id.*) For example, Turner alleges that "officers issue out dirty underw[ear] that has already been worn and is a major health issue instead of new ones" and that

"[t]he mattresses they issue are growing mold . . . inside of them (also a health haz[]ard) and are torn to pieces with hardly any stuffing inside them." (*Id.* at PageID# 13.) Turner further alleges that he is held in "isolation . . . away from the regular general population [for] no reason . . . at all[,]" and that his requests to be moved are "always denied" even though "other inmates are allowed to move from cell to cell at their request." (*Id.* at PageID# 14.) Finally, Turner alleges that his medical needs are not being met because "[t]he medical treatment/staff and jail administrators are" refusing to approve treatments for Turner's "illnesses that are potentially life threatening . . . ." (*Id.* at PageID# 13.) Specifically, Turner alleges that Defendant Jail Administrator Major Bennett denied Turner an extra mattress that a "doctor approved . . . to ease [Turner's] neck, shoulder, and back pain . . ." and prevented medical staff from treating Turner's glaucoma, which resulted in a severe and painful eye infection. (*Id.* at PageID# 15.) He also alleges that he was denied an MRI, CAT scan, and ultrasound needed to diagnose and treat other serious medical conditions. (Doc. No. 1.)

On January 31, 2020, the Court granted Turner's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 5, 6.) The Court found that Turner had stated colorable Eighth Amendment claims of unlawful confinement in isolation and deliberate indifference to serious medical needs against Bennett, allowed those claims to proceed, and dismissed all other claims and defendants in Turner's complaint. (*Id.*) The Court instructed the Clerk of Court to mail Turner a service packet, including a blank summons and USM 285 form, and ordered Turner that he "**MUST** complete the service packet and return it to the Clerk's office" by February 21, 2020. (Doc. No. 6, PageID# 40.) The Court also instructed the Clerk of Court to "send a copy of [the] order to the warden of the facility in which the plaintiff

is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee." (*Id.*)

The Clerk mailed a copy of the Court's order and a service packet to Turner at the WCJ, but that mail was returned as undeliverable. (Doc. No. 7.) On February 24, 2020, the Court received a letter from Bennett—who, as the Jail Administrator, separately received a copy of the Court's order granting Turner's application to proceed *in forma pauperis*—stating that Bennett was "unable to process and recover the [$350 filing] fee" from Turner's jail account as ordered by the Court because "Turner bonded out of custody on December 30, 2019[,]" and "is no longer in custody at the Wilson County Jail." (Doc. No. 9, PageID# 45.) Turner did not return a service packet as ordered by the Court.

On February 26, 2020, the Court ordered Turner to show cause by March 18, 2020, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for his failure to prosecute or under Local Rule 41.01(b) for his failure to keep the Court informed of his current address. (Doc. No. 10.) The Court warned Turner that failure to respond could lead to a recommendation of dismissal (*id.*), but Turner did not respond to the show-cause order by the Court's deadline. On March 23, 2020, out of an abundance of caution, the Court ordered the Clerk of Court to mail copies of the Court's prior memorandum opinion and order regarding the need for Turner to complete a service packet (Doc. Nos. 5, 6) and the Court's show-cause order (Doc. No. 10) to the residential address provided in an attachment to Turner's complaint. (Doc. No. 12.) The Court also extended Turner's deadline to respond to the show-cause order to April 22, 2020. (*Id.*) Turner still has not returned a service packet for Bennett and has not responded to the Court's show-cause order.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591

(6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Turner.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct

5

on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Turner initiated this action (Doc. No. 1), filed an application for *in forma pauperis* status (Doc. No. 2), and wrote the Court a letter inquiring about the status of his case (Doc. No. 4), demonstrating that he can communicate with the Court when he chooses to do so. His failure to return a service packet as ordered by the Court and to respond to the Court's show-cause order therefore appears to be a problem of his own making. "Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se plaintiff's failure to return service packets or respond to show-cause order "to his own willfulness or fault"). This factor therefore supports dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

The only step Bennett has taken in this action is to file a letter informing the Court that he was unable to process and recover the filing fee from Turner's inmate account because Turner was no longer incarcerated at the WCJ. (Doc. No. 9.) That filing was not necessitated by Turner's lack of cooperation and, even if it were, the single-page letter cannot be characterized as more than a minimal response. This factor therefore weighs against dismissal. *See Schafer*, 529 F.3d at 739.

### C.     Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court twice warned Turner that failure to respond to the show-cause order could lead to a recommendation of dismissal. (Doc. Nos. 10, 12.) This factor supports dismissal. *See Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D.     Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See*

*Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

**IV.     Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute under Rule 41(b) and Local Rules 41.01(a) and (b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 9th day of June, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge